# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

ROBIN ROSE PETERSON YAGER,

         Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

         Defendant.

2:16-cv-00051-GMN-VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Robin Rose Peterson Yager's appeal from Defendant Nancy A. Berryhill's final decision denying Yager social security benefits. Before the Court is Yager's Motion to Modify Reverse or Remand (ECF No. 14). The Commissioner filed a Response (ECF No. 19); Yager did not file a Reply. Also before the Court is the Commissioner's unopposed Cross-motion for Affirmance (ECF No. 18). For the reasons stated below, the Court recommends denying Yager's Motion and granting the Commissioner's Motion.

## I. STANDARD OF REVIEW

The Fifth Amendment prohibits the Government from depriving persons of property without due process of law. (*See* U.S. Const. amend. V.). Social security claimants have a constitutionally protected property interest in social security benefits. (*See Mathews v. Eldridge*, 424 U.S. 319 (1976); *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990)). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. (*See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. §

1

636(c); Fed. R. Civ. P. 73). The District Court's review is limited. (*See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress 'places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.' " (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)))).

The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." (*See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004)). Substantial evidence is defined as "more than a mere scintilla" of evidence. (*See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." (*See Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence); *see also Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) ("The court must consider the record as a whole and weigh 'both the evidence that supports and the evidence that detracts from the ALJ's' factual conclusions." (quoting *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001)))).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) ("we may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it.") (quotation marks and citation omitted)). In weighing the evidence and making findings, the ALJ must apply the proper legal standards. (*See Gutierrez*, 740 F.3d at 523 (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

2

Even when the ALJ commits legal error, courts must "uphold the decision where that error is harmless." (*See Brown-Hunter*, 806 F.3d at 492 (quoting *Treichler*, 775 F.3d at 1099); *see also Molina*, 674 F.3d at 1115). An error is harmless if the error is "inconsequential to the ultimate nondisability determination." (*Stout v. Commissioner of Social Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006)). "[A] reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." (*Id*.).

Ninth Circuit precedent does "not quantify the degree of certainty needed to conclude that an ALJ's error was harmless." (*See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015)). "[W]here the magnitude of an ALJ error is more significant, then the degree of certainty of harmlessness must also be heightened before an error can be determined to be harmless." (*Id*.). "In other words, the more serious the ALJ's error, the more difficult it should be to show the error was harmless." (*Id*.).

## II.  DISCUSSION

### A.  Waiver

Yager's Motion to Modify Reverse or Remand does not provide an adequate basis for the Court to assess the issues because the Motion neither articulates its arguments with specificity, nor supports its arguments with citations to social security regulations or case law. The Ninth Circuit "has repeatedly admonished that [it] cannot 'manufacture arguments for an appellant.' " (*See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994))). Rather, the Court will only "review … issues … argued specifically and distinctly." (*Id*.). This is also true for this Court. Therefore, when a claim is not argued and explained, the argument is waived. (*See id.* at 929-30 (holding that party's argument was waived where the party offered "little if any analysis to assist the court in evaluating its legal challenge"); *see also Hibbs v.*

3

*Dep't of Human Res.*, 273 F.3d 844, 873 n. 34 (9th Cir. 2001) (finding an allegation of error was "too undeveloped to be capable of assessment"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("[j]udges are not like pigs, hunting for truffles buried in briefs.")).

In the Motion to Modify Reverse or Remand, Yager makes several unsupported and general arguments. (*See Indep. Towers of Wash.*, 350 F.3d at 929 (9th Cir. 2003)). For example, Yager's Motion asserts that the "ALJ [f]ailed to afford proper weight to treating doctor's opinion" and that the "doctor and or mental health professional who regularly treated me and completed my Medical Source Statements should have been included in my Residual Functional Capacity form which indicate that I have substantial limitations …." (*See* ECF No. 14 at 1, 3). It is not clear which opinion evidence Yager is referring to. The Court assumes Yager is referring to the opinion of Theodore Paisley, M.D. (*See* ECF No. 7 at 19 ("Theodore S. Paisley, M.D., a *treating* physician ….") (emphasis added)). Yager does not, however, provide any analysis or support for her argument, nor does she address the ALJ's justifications for assigning Dr. Paisley's opinion little weight.[1] Yager does not, at bottom, explain why she thinks the ALJ failed to afford proper weight to the treating doctor's opinion. Yager's brief and unsupported argument offers "little if any analysis to assist the court in evaluating [her] legal challenge." (*See Indep. Towers of Wash.*, 350 F.3d 925, 929-30). Yager is a *pro se* plaintiff, but this Court cannot manufacture arguments for her.

Yager's Motion also argues that the ALJ's RFC assessment "ignored limitations and symptoms that are in [her] medical file and said that [she] can do more than medical evidence indicates [she] can

---

[1] Dr. Paisley completed a participation ability report on behalf of Yager for the Utah Department of Workforce Services on April 19, 2011. In the report, Dr. Paisley opined that Yager "would be unable to perform heavy lifting, bending or prolonged sitting or standing." (*See* ECF No. 7 at 19-20). The ALJ assigned this specific opinion little weight because "it was set to expire within one month of its issuance" and was therefore "not applicable to most of the period in question." (*Id.*). Although the ALJ discounted that specific opinion, the ALJ did use Dr. Paisley's treatment notes about Yager in finding Yager's statements concerning the intensity, persistence, and limiting effect of her symptoms to be not entirely credible. (*Id.* at 19 ("Paisley … found no neurologic deficits and has repeatedly encouraged [Yager] to wean down or completely stop taking opiate pain medication.")).

4

do." (*See* ECF No. 14 at 2; *but see* ECF No. 7 at 18 ("In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence ….")). Yager then proceeds to describe several different "diagnoses" from the administrative record that she argues the ALJ ignored. (*Id*. at 2-3). The Commissioner argues that "most of what [Yager] alleges as 'diagnoses' are not actually medical diagnoses, but instead the physician's observations of [Yager] on physical examinations." (*See* ECF No. 18 at 4). The Court agrees, and notes that Yager did not file a Reply disputing this.

In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. (*See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996)). In interpreting the evidence and developing the record, however, the ALJ does not need to "discuss every piece of evidence." (*See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998))). That is, the ALJ need not discuss evidence that is neither significant nor probative. (*Id*.). Although Yager's Motion points to evidence that she contends supports her allegations, Yager does not explain how the existence of such evidence undermines the ALJ's findings. Yager asserts that the ALJ ignored her limitations and symptoms and then lists bits and pieces from the medical record, but provides no analysis or discussion as to how this supports her assertion that the ALJ's RFC assessment was not supported by substantial evidence. Yager's argument is too undeveloped to be capable of assessment. The role of this Court is not to second guess the ALJ and reevaluate the evidence, but rather it must determine whether the decision is supported by substantial evidence and free of legal error. If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch*, 400 F.3d at 679).

/ / /

/ / /

**B. Discounting Yager's Credibility Under the Social Security Act**

Yager's Motion to Modify Reverse or Remand also argues that the "ALJ's decision did not discuss serious side effects of medications," which is required by social security regulations. (*See* ECF No. 14 at 4). Yager states that she "takes pain medication that causes nausea and fatigue," and that as part of the RFC assessment, the ALJ "should discuss these side effects and how they would affect [her] ability to work." (*Id.*). While Yager's argument is undeveloped and unsupported by citations to specific authority, the Court construes her argument as objecting to the ALJ's credibility finding because the ALJ did not address the side effects from Yager's pain medication.

If the Commissioner decides to discount the claimant's testimony regarding his or her subjective symptoms, the Commissioner must engage in a two-step analysis before finding the claimant's testimony lacks credibility. (*See* SSR 96–7p; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." (*See Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted)). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." (*See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." (*See Smolen*, 80 F.3d at 1281; *see also Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.")).[2]

To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. (*See Vasquez*, 572 F.3d at 592). General findings are not sufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. (*See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). In weighing a claimant's credibility, the ALJ may consider factors such as (1) objective medical evidence; (2) reputation for truthfulness; (3) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (4) inconsistencies in testimony or between testimony and conduct; (5) the claimant's daily activities; (6) and the claimant's treatment history. (*See* SSR 96-7p; *see also Orn v. Astrue*, 495 F.3d 625, 636-639 (9th Cir. 2007); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014)). If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing." (*See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

After reviewing the administrative record, the parties' briefs, and applicable law, the Court finds that the ALJ provided clear and convincing reasons for finding Yager's testimony not fully credible. The ALJ first found that Yager's medically determinable impairment—i.e., degenerative disc disease of the lumbar spine with bilateral pars defects—could reasonably be expected to cause the alleged symptoms. (*See* ECF No. 7 at 19). But the ALJ found that Yager's subjective testimony concerning the

---

[2] At the time of the ALJ's decision, the credibility analysis was governed by SSR 96-7p. Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. Neither party has raised the issue of whether SSR 16-3p or SSR 96-7p governs the Court's review of the ALJ's evaluation of Yager's statements regarding the intensity, persistence, and limiting effect of her symptoms. The ALJ's decision regarding Yager's claim was issued on June 16, 2014. Thus, SSR 96-7p governed the ALJ's decision and the Court will review the ALJ's decision under the guidance provided in SSR 96-7p.

intensity, persistence, and limiting effects of these symptoms were not entirely credible. (*See* ECF No. 7 at 19, 21 ("The treatment notes do not sustain [Yager's] allegations of disabling pain and limitations from her back impairment. The credibility of [Yager's] allegations is weekend by inconsistencies between the extent of those allegations the objective medical evidence.")). The ALJ found that the objective medical evidence, treatment notes and medical opinion evidence, conservative nature of treatment, and daily activities were inconsistent with Yager's allegations. (*Id*.).

All of those considerations have been found to be proper by the Ninth Circuit.[3] In addition, all of the ALJ's findings are supported by substantial evidence. (*See* ECF No. 7 at 19 (providing citations to the record)). For example, the ALJ's finding that Yager "has been able to perform her normal activities with the help of her pain medications," including "yard work" and going on "extended vacations" is supported by the record. (*Id*.). While Yager may have wanted the ALJ to interpret the evidence differently, the ALJ did not err in finding her allegations less than fully credible on those grounds.

Yager's Motion does not address the above considerations; instead, Yager objects to the ALJ's credibility finding on the ground that the ALJ did not discuss side effects from her pain medication and how they affect her ability to work. (*See* ECF No. 14 at 4). As the Commissioner points out, the ALJ does address the side effects from Yager's pain medication in his decision. (*See* ECF No. 18 at 11-12). The ALJ found that "reports for the Utah Pain Institute indicate that [Yager's] pain medications have been working well to control her pain … and have not caused any side effects …." (*See* ECF No. 7 at 19). The ALJ cites to various documents in the administrative record to support his finding. (*See, e.g.*, ECF No. 7 at 641 (She has not noticed any side effects at this time to her medications"), 645 (She has

---

[3] *See e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"); *see also Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (an ALJ may permissibly consider the claimant's conservative treatment in making an adverse credibility determination); *Bray*, 554 F.3d at 1227 (same for daily activities); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (same for inconsistent statements).

not noticed any other side effects t[o] her medications at this time.")). The Government argues that Yager does not specify any medical evidence that supports her allegations regarding the level and severity of side effects. Yager's Motion states that she takes pain medication that causes nausea and fatigue, but does not, as the Commissioner points out, point to any evidence in the record that supports her assertion.

The Commissioner directs the Court to evidence in the administrative record that appears to contradict Yager's allegations about nausea. (*See* ECF Nos. 18 at 12; 7 at 358 (answering "Not at all" to whether she experienced Nausea), 364 (same), 529 (responding no to whether she has any Nausea), 671 ("No Nausea")). Even if the Court were to find that the ALJ did not adequately address the side effects of the pain medication as Yager contends, the Court is still left with substantial evidence to support the ALJ's credibility determination. (*See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *see also Molina*, 674 F.3d at 1115 (holding that the ALJ's failure to discuss (or explicitly consider) favorable evidence is harmless if other reasons are sufficient and supported by substantial evidence)). In other words, assuming, *arguendo*, that the ALJ erred by not adequately addressing the side effects, that error is harmless in light of the additional reasons cited by the Commissioner which Yager does not challenge. Yager's Motion does not articulate a basis for this Court to conclude that the ALJ did not properly apply the two-step procedure that is required to discount a claimant's testimony or that the ALJ did not provide clear and convincing reasons in finding that Yager's allegations lacked credibility. Therefore, the Court recommends denying Yager's Motion to Modify Reverse or Remand.

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Robin Rose Peterson Yager's Motion to Modify Reverse or Remand (ECF No. 14) be DENIED.

9

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-motion for Affirmance (ECF No. 18) be GRANTED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Under Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO RECOMMENDED.

DATED this 15th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE